# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

DAVID L. BOYD,                    )
                                  )
        Plaintiff                 )
                                  )
   vs.                            )     Case No. 19-cv-4024
                                  )     (The case number will be assigned by the clerk)
M. DURANT (Security Therapy Aide) )
STA. HELLER (Security Therapy Aide))
P. MORTON (Security Therapy Aide) )
ARAMARK Corporation, et al.       )
DR. MARKOWITZ - WEXFORD CORP.     )
                                  )
_____       )
_____  ,    )
                                  )
        Defendant(s)               )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

[x] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[ ] Unknown _____

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: DAVID L. BOYD

Prison Identification Number: 842456 (IDHS)

Current address: 17019 COUNTY FARM RD.

RUSHVILLE, IL 62681

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: MS. DURANT

Current Job Title: CAPTAIN - STA-IV

Current Work Address 17019 COUNTY FARM RD.

RUSHVILLE, IL 62681

Defendant #2:

Full Name: MR. HELLER

Current Job Title: SECURITY THERAPIST AID    STA-1

Current Work Address 17019 COUNTY FARM RD.

RUSHVILLE, IL 62681

Defendant #3:

Full Name: MR. P. MORTON

2

Current Job Title: SECURITY THERAPIST AID    STA-1

Current Work Address 17029 COUNTY FARM RD.

RUSHVILLE, IL 62681

Defendant #4:

Full Name: ARAMARK Corporation

Current Job Title: FOOD SUPERVISORS/Providers

Current Work Address 17019 COUNTY FARM RD.

RUSHVILLE, IL 62681

Defendant #5:

Full Name: DR. MARKOWITZ - WEXFORD CORP.

Current Job Title: FACILITY DOCTOR

Current Work Address 17019 COUNTY FARM RD.

RUSHVILLE, IL 62681

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe    N/A

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

3

C.  If your answer to B is yes, how many? __N/A__  Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number
   _____N/A_____

   2. Basic claim made __N/A_____

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) __N/A_____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A.  Is there a grievance procedure available at your institution?   Yes ☒   No ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒   No ☐

If your answer is no, explain why not __N/A_____

C.  Is the grievance process completed?   Yes ☒   No ☐

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence: 17019 County Farm Rd. Rushville, Il 62681
En route to and from court at Winnebago County Court House
Date(s) of the occurrence: 03-03-17 and to the present

### COUNT I.

[1] STA=Security Theriapist Aid; A title used by the Rushville Treatment and Detention Facility for their "guard."

[2] BELLY CHAIN(S): A chain with hand cuffs attached that keep hands close to the waist and allow minimum movement, and padlocked in the small of the back.

   1 At the time and day of 3/3/17, plaintiff was "morbidly obese" weighing 360lbs.

   2 Where on 3/3/17 STA[1] IV Durant, a security guard, for the Rush-ville TDF and not a medical professional, ordered STA Heller to "put plaintiff in a **belly chain**[2] and get him out of here." After plaintiff voiced he was too big for regular belly chains.

   3 STA Heller complied with the orders given by STA IV Durant, causing pain and suffering to the plaintiff, And took plaintiff on a court writ out of the facility.

   4 Plaintiff on 3/3/17 was unreasonably confined in small belly chain restraints; that a reasonably prudent person would have known to use a larger size, due to plaintiff's girth and body size.

   5 Where on 3/3/17 STA IV Durant, STA Heller, and P. Morton, restrained plaintiff for over 15 hours in belly chains, while in a "writ vehicle".

   6 Where on 3/3/17 STA IV Durant, STA Heller, and P. Morton inflicted sadistic unjustified pain and suffering.

   7 Where on 3/3/17 STA IV Durant, STA Heller, and P. Morton, were in breach of duty and trust, in that, defendants are in charge of care, protection, safty, and well-being of the plaintiff during

all aspects of detention and daily living, including use of restraints. Each defendant has received training from their department on the proper use of restraint devices, as such, their conduct was not accidental or by mistake, but instead, was willful, intentional and the type of conduct they reasonably should have known would cause pain, suffering discomfort, and permanent injury to the plaintiff.

8 Where on 3/3/17, plaintiff was restrained in abelly chain and forced to urinate and deficate while restrained, or 1) hold it 2) urinate and deficate on self.

9 Where on 3/3/17 plaintiff was required by STA Heller and P. Morton to 1) hold urine 2) urinate on self 3) expose self to other sex offernders, staff, and general public while restrained to urinate during transport.

10 Where on 3/3/17, plaintiff was not provided any type of disinfectant to clean hands after urinating, and was made to eat and drink with dirty hand and while restrained. (while in the WRiT vehicle)

11 Plaintiff on 3/3/17, informed attorney Mr, Ruben once appearing at court house, and informed him about all incidents and actions or lack thereof of defendants, both verbal and non-verbal; Mr. Ruben seen the poor and extreme condition of plaintiff's hands, wrists, and arms. Plaintiff Also informed Jane Doe Wexford Nurses That he was in severe pain.

COUNT II.

12 Where plaintiff is forced by Aramark to eat a high carbohydrate diet or go hungry since plaintiff's arrival at the Rushville Treatment and Detention Facility on 1/26/01 to present.

13 Where Aramark diet is based off a DOC food plan since plaintiff's residence at the Rushville TDF as of 1/26/01 to present has caused significant weight gain, from 175lbs. to 360lbs.

14 Where poor diet plan of Aramark since plaintiff has been a resident as of 1/26/01 to present has caused plaintiff to develop and suffer from diebetic problems, which the plaintiff did not suffer from until residence at the Rushville Treatment and Detention Facility. The Rushville TDF as a result of a poor diet, has an inordinate number of diabetic residents. Obesity and diabetis are disproportionately widespread at the TDF.

### COUNT III.

15 Where on several occasions, (spanning from 3/13/17 to present day), Dr. Markowitz, employed by Wexford Corp., has been objectively unreasonable in his care of the plaintiff, in that on several occasions when plaintiff went to see Dr. Markowitz to complain about sharp, stabbing pains in both hands as a direct result of the cuffs and his hands seizing up, either open or closed.

16 Where on several occasions Dr. Markowitz is dismissive and unresponsive, etc., to plaintiff's complaints of pain and suffering.

17 Where Dr. Markowitz has not perscribed any type of medication that would aleviate plaintiff's pain and suffering; send plaintiff out of the facility for any further tests, scans, x-rays, surgeries, etc., or to see a qualified professional, of any type, to help reduce, or eliminate plaintiff's pain and suffering.

18 Plaintiff has complained to Wexford nurses and Dr. Markowitz numerous times about the endless sharp, extreme daily pain in both hands, that at times leaves plaintiff's hands seizing up either open or closed, with no effective or compassionate help. (Over a span of about two years)

19 Where Wexford is known for "cutting corners" to save money and providing the minimum level of care.

20 Where Dr. Markowitz follows Wexford "policy" of saving money and providing the least amount of medical care possible, attributing an objectivly unreasonale level of care to plaintiff's pain and suffering.

## RELIEF REQUESTED

(State what relief you want from the court.)

21. Plaintiff asks this court to order a(n) injuction(s), punitive, and compensatory damages as the court sees fit. As well as all litigation costs, copying costs, court costs, or other costs associated with this litigation.

JURY DEMAND    Yes [X]    No [ ]

Signed this  06  day of  Feburary , 20 19 .

*(Signature of Plaintiff)*

| Name of Plaintiff: DAVID L. BOYD | Inmate Identification Number: 842456 (IDHS) |
|---|---|
| Address: 17019 COUNTY FARM RD. RUSHVILLE, IL 62681 | Telephone Number: 217-322-3204 |

9